No. 687

## GLASER v. MEHRL

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8111. Decided June 20, 1927.

798. **MUNICIPAL COURT—681. Jurisdiction—1.** Jurisdiction of Municipal Court of Cleveland is fixed at $2,500 and is limited to cases "when the amount claimed by any party * * * does not exceed $2,500."

2. Where plaintiff claims damages of $6,000 for conversion, and offsets indebtedness to defendant, thus reducing amount prayed for to $1,999.84, Municipal Court does not have jurisdiction.

1177. **TORT—Not** permissible for plaintiff, in action sounding in tort, to anticipate counter-claim or cross action on part of his adversary.

Error to Municipal Court.
Judgment affirmed.

**First Publication of this Opinion.**

LEVINE, J.

This action was decided by the Municipal Court of the City of Cleveland. The court granted defendant's motion to dismiss the action, which motion was made at the conclusion of plaintiff's counsel's statement of the case.

It appears that in the statement of claim, the plaintiff alleged that on the 2nd day of December, 1926, he was in possession of one Maccar two-ton truck, together with a certain milk route, all being of the value of $6,000, etc. On said day, the defendant took and carried away said property and unlawfully converted and disposed of the same to his own use, and by reason thereof plaintiff was damaged in the sum of $6,000, the value of said property * * *. After offsetting said indebtedness so due the defendant from this plaintiff, there is due the plaintiff from the defendant the sum of $1,999.84.

The ground for the order of the court in dismissing plaintiff's statement of claim was that the jurisdiction of the Municipal Court of Cleveland, in the instant class of actions is fixed at $2,500, by GC. 1579-6 and is limited to cases "where the amount claimed by any party * * * does not exceed $2,500."

The trial court found that upon the face of the statement of claim it was obvious that the damage sought to be recovered is the sum of $6,000, the value of the truck alleged to have been converted by the defendant.

Plaintiff's counsel maintains that he is entitled by law to remit the excess of the claim so as to bring it within the jurisdiction of the Municipal Court. An analysis, however, of the statement of claim clearly shows that the plaintiff did not remit the difference between the amount prayed for and the $6,000 claimed by him to constitute the value of the converted truck. Instead he plants himself fairly upon the allegation that the damages caused amounted to $6,000 which was the value of the truck alleged to have been converted by the defendant, but seeks to make his own application, and he applies the difference between the amount prayed for and the value of the truck to items which he admits are owing from the plaintiff to the defendant.

In our opinion the plaintiff cannot invest the court with jurisdiction by setting a value of his own choosing upon the truck, and then undertake to deduct items which plaintiff admits are due from him to the defendant and pray for judgment for the balance, even though the balance for which judgment is so prayed does not exceed the sum of $2,500.

Another phase of this case, we feel, has an important bearing. Eliminating the question of jurisdiction of the Municipal Court as to the amount, it is apparent that the plaintiff's statement of claim is so framed as to constitute a cause of action. The plaintiff's action is apparently one sounding in tort, namely, the conversion of the truck by the defendant. It is not permissible for plaintiff in a given action sounding in tort, to anticipate a counterclaim or cross action on the part of his adversary. The judgment of the Municipal Court is therefore affirmed.

(Sullivan, PJ., and Vickery, J., concur.)

Attorneys—G. A. Doyle for Glaser; Mann, Dray & Whitner for Mehrl; all of Cleveland.